UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

---------------------------------------------------------------------------x

Ferdinand Diaz,

            Plaintiff,                                                                   C.A. No.: 0:23-cv-62405

    -against-                                                                  **DEMAND FOR JURY TRIAL**

Transunion, LLC,
Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
Verizon Wireless Services, LLC,

            Defendant(s).

---------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Ferdinand Diaz ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Transunion, LLC ("Transunion"), Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian"), and Defendant Verizon Wireless Services, LLC ("Verizon") respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Florida, County of Broward.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware corporation registered to do business in the State of Florida and may be served with process upon the Prentice-Hall Corporation System, its registered agent for service of process at 1201 Hays St, Tallahassee, FL 32301.

7. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of Florida and may be served with process upon the Corporation Service Company, its registered agent for service of process at 1201 Hays St, Tallahassee, FL 32301.

10. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers

for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio corporation registered to do business in the State of Florida and may be served with process upon the C T Corporation System, its registered agent for service of process at 1200 S Pine Island Rd #250, Plantation, FL 33324.

13. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Verizon is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address for service of process at C T Corporation System, 1200 S. Pine Island Rd Plantation, FL 33324.

**FACTUAL ALLEGATIONS**

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

17. This Complaint pertains to Plaintiff's Verizon account with an account number of 489375*******001 (hereinafter "Account").

18. Plaintiff opened the Account with Verizon on or around June 2020.

19. Plaintiff had an excellent payment history with Verizon with no derogatory notations.

20. On or around May 2022, Plaintiff switched cell phone providers from Verizon to T-Mobile.

21. As per Plaintiff's new contract, T-Mobile agreed to pay off Plaintiff's outstanding balance with his previous carrier, Verizon.

22. When Plaintiff learned of T-Mobile's failure to pay off the outstanding balance to Verizon, Plaintiff contacted T-Mobile to investigate.

23. Plaintiff continued to follow up with T-Mobile with no success in getting T-Mobile to pay off his outstanding balance with Verizon.

24. Despite assurances from T-Mobile and their contractual obligation to pay the outstanding balance to Verizon, the payment was never made.

25. After exhausting all other options, Plaintiff filed a lawsuit against T-Mobile in the Seventeenth Judicial Circuit Court in Broward County under case number 23-003516.

26. After taking legal action against T-Mobile, the case was settled in Plaintiff's favor.

27. On June 5, 2023, T-Mobile was Ordered by Judge De Luca to pay Plaintiff, who transferred any outstanding debt to Verizon in full satisfaction of the Account.

28. Verizon acknowledged receipt of the payment but reported the Account as: "paid was collection Account".

Verizon Wireless Dispute and Violation

29. Upon information and belief, on a date better known to Transunion, Equifax and Experian ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information.

30. The inaccurate information furnished by Verizon and published by the Bureaus is inaccurate since the Account is listed as a collection Account.

31. Transunion and Equifax list the Account with a status of "Account Paid in Full was a Collection."

32. Experian marks the Account with a Collection notation for July of 2023.

33. Defendants' reporting of a collection account serves to artificially lower Plaintiff's credit score.

34. Listing a collection account on Plaintiff's credit report when in fact Plaintiff was not responsible for paying Verizon is materially misleading to potential lenders, who are led to believe that Plaintiff was less creditworthy than he is.

35. In fact, Plaintiff did not owe Verizon any money to warrant a collection.

36. Plaintiff has no outstanding balances with Verizon and was never late on the Account.

37. Plaintiff notified each Bureau that he disputed the accuracy of the information it was reporting on or around August 22, 2023 ("Dispute").

38. Plaintiff stated in his Dispute that he was disputing the reporting of this tradeline and provided the background story.

39. Plaintiff provided a lengthy explanation to substantiate why he does not owe the creditor any money and thus, why the collection account is erroneously reporting on his credit reports.

40. Despite Plaintiff's Dispute and the fact that Plaintiff has no outstanding obligation to Verizon for the Account, the Bureaus continued to report Plaintiff's Account as a paid collection account.

41. On August 26, 2023, Plaintiff received a form response from Experian stating "Item updated from your dispute" but the derogatory reporting remained unchanged.

42. On or around August 26, 2023, Plaintiff received a form response from Transunion stating, "Account paid in full was a collection" with no change on the credit reporting.

43. Plaintiff did not receive a response from Equifax, in violation of the law.

44. Despite Plaintiff's Dispute and the fact that Plaintiff never had an outstanding debt to pay to Verizon, the Bureaus continue to report Plaintiff's Account as a collection Account.

45. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

46. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

47. Upon information and belief, the Bureaus sent Verizon notice of Plaintiff's dispute.

48. Upon receipt of the Dispute of the Account from the Plaintiff by the Bureaus, Verizon failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

49. Had Verizon performed a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Verizon that the Account should not be reporting on Plaintiff's

credit reports as he did not owe any money to the creditor, rather it was owed by T-Mobile.

50. Despite Plaintiff's Dispute that the information on his consumer reports was inaccurate with respect to the disputed Account, the Bureaus did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

51. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

52. Had the Bureaus performed a reasonable investigation of the Plaintiff's Dispute, it would have been revealed to the Bureaus that the Account should not be reporting as a collection account on Plaintiff's credit report.

53. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

54. The Account is the only derogatory account listed on Plaintiff's credit reports.

55. Other than this Account, Plaintiff has exceptional payment history for all other accounts.

56. This inaccurate information on Plaintiff's credit report has negatively affected his credit score.

57. Plaintiff was even denied several new lines of credit due to Defendants' actions and omissions.

58. Plaintiff applied for loan with One Main and was denied on October 9, 2023, reference number 498437131.

59. Plaintiff applied for a loan with SoFi and was denied in a letter dated October 11, 2023.

60. Plaintiff applied for a credit card from PenFed Credit Union and was denied on October 12, 2023. His application number was 49038050.

61. Plaintiff applied for a loan through DCU and was denied on October 12, 2023. His loan application number was 6274564.

62. Plaintiff applied for a loan with Upstart and was denied in a letter dated October 19, 2023.

63. Plaintiff applied for a credit card from Credit One Bank, N.A and was denied in a letter dated October 24, 2023.

64. Plaintiff applied for loan with Prosper and was notified on October 18, 2023, that he was denied.

65. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to the Bureaus)

66. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

67. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

68. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

69. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

    h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

70. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on

future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

71. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

72. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Ferdinand Diaz, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

**(Negligent Violation of the FCRA as to the Bureaus)**

73. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

74. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

75. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

76. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

    h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

77. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

78. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

79. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Ferdinand Diaz, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Verizon)

80. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

81. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

82. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

83. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

84. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

85. Verizon violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by

      failing to correctly report results of an accurate investigation to the credit reporting agencies.

86. As a result of the conduct, action and inaction of Verizon, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

87. The conduct, action and inaction of Verizon was willful, rendering Verizon liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

88. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Ferdinand Diaz, an individual demands judgement in his favor against Verizon in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Verizon)**

89. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

90. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

91. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

92. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

93. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

94. Verizon is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

95. After receiving the Dispute Notice from the Bureaus, Verizon negligently failed to conduct its reinvestigation in good faith.

96. A reasonable investigation would require a furnisher such as Verizon to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

97. The conduct, action and inaction of Verizon was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

98. As a result of the conduct, action and inaction of Verizon, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

99. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Ferdinand Diaz, an individual, demands judgement in his favor against Verizon for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

100. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: December 26, 2023

Respectfully Submitted,

**ZEIG LAW FIRM, LLC**
/s/ Justin Zeig
Justin Zeig, Esq.
3475 Sheridan St. Ste 310
Hollywood, FL 33021

Telephone: (754) 217-3084<br>
Facsimile: (954) 272-7807<br>
justin@zeiglawfirm.com<br>
*Counsel for Plaintiff*